**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4872**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

ELLIOTT BROWN, a/k/a Ta Dow,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:08-cr-00415-WDQ-2)

Submitted:  May 24, 2011              Decided:  June 16, 2011

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard B. Bardos, SCHULMAN, TREEM, KAMINKOW & GILDEN, P.A.,
Baltimore, Maryland, for Appellant. Rod J. Rosentein, United
States Attorney, Christopher Mason, Special Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elliott Brown pleaded guilty to conspiracy to possess with intent to distribute and distribute heroin, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Brown to 360 months of imprisonment and he now appeals. Finding no error, we affirm.

Brown argues that the district court abused its discretion in denying his motion to withdraw his guilty plea, based in part on his assertion that his first appointed counsel rendered ineffective assistance. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted. Id. In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citation omitted).

2

Moreover, "[t]o prevail on [the fourth] factor, [Brown] must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003) (internal quotation marks and citations omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

Brown has also filed a motion to file a pro se supplemental brief. In his brief, Brown argues that there was an insufficient factual basis for his guilty plea and that the district court erred in finding that he was a career offender under the Guidelines. Having reviewed the record, we conclude that the issues raised in Brown's pro se brief lack merit.

Accordingly, we grant Brown's motion to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3